ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| FORTECH BANK INTERNATIONAL, INC.<br><br>RECURRIDA<br><br>v.<br><br>HÉCTOR RIVERA MARSACH<br><br>PETICIONARIO | KLCE202500043 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Quebradillas (En Hatillo)<br><br>Caso Núm.: CIAC2018-0002<br><br>Sobre: Sentencia por Consentimiento/R35. 4 P.CIV. |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero, el Juez Campos Pérez y el Juez Sánchez Báez.

**Sánchez Báez, Juez Ponente**

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de marzo de 2025.

Comparece el señor Héctor Rivera Marsach (en adelante, señor "Rivera Marsach" o "peticionario"), mediante recurso de *certiorari* presentado el 15 de enero de 2025. Nos solicitó la anulación de dos *Resoluciones* y una *Orden*, todas emitidas el 17 de diciembre de 2024 por el Tribunal de Primera Instancia, Sala Superior de Quebradillas. Por virtud de estas, el Foro primario rechazó relevar al peticionario de una *Sentencia por Consentimiento* emitida el 16 de abril de 2018.

Por los fundamentos que expondremos a continuación, resolvemos denegar la expedición del auto de *certiorari* solicitado.

-I-

Surge del expediente que el 16 de abril de 2018, el Tribunal de Primera Instancia emitió una *Sentencia por Consentimiento* a petición del señor Rivera Marsach y RL Capital International, LLC (en adelante, "RL Capital" o "recurrida") sobre cobro de dinero y

ejecución de hipoteca. [1] Surge de la referida sentencia que **el peticionario tomó un préstamo evidenciado por un pagaré hipotecario a favor de RL Capital por la suma principal de $120,000, con intereses al 17% anual**, mas 3% de interés por mora y 10% del total de la hipoteca para gastos y honorarios de abogado. Todo esto quedó garantizado por hipoteca constituida mediante la Escritura Número 86, otorgada en Arecibo, Puerto Rico el 3 de mayo de 2017 ante el notario público Lcdo. Cesar A. Pérez Cabán. Por todo esto, el Foro primario le ordenó al peticionario pagar una suma ascendente a $145,854.50 a favor de RL Capital por concepto del principal del préstamo, intereses vencidos, cargos por mora, honorarios de abogados y costas. Asimismo, el Tribunal de Primera Instancia puntualizó que **el importe de dicha sentencia devengaría intereses a razón de 6% anual fijo**. Finalmente, el Foro primario autorizó la venta en pública subasta de la propiedad objeto de la deuda.

Luego de varios años, el señor Rivera Marsach presentó una *Moción sobre Relevo de Sentencia* el 30 de septiembre de 2021 en la que solicitó la anulación de la *Sentencia por Consentimiento*.[2] En síntesis, el peticionario señaló que en dicha sentencia se pactaron intereses post sentencia a razón de 17% anual. Arguyó que dichos intereses eran contrarios a los Artículos 1649 y1652 del Código Civil 1930, 31 LPRA secs. 4591 y 4594, por ser usurarios y, por lo tanto, ilegales. Adujo, además, que el Tribunal de Primera Instancia dictó sentencia sin tener jurisdicción para ello conforme a la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.4, toda vez que el remedio concedido era contrario a la ley.

---

[1] Apéndice del Peticionario, anejo 8, págs. 58-63.
[2] Apéndice del Peticionario, anejo 9, págs. 64-65.

RL Capital compareció mediante *Moción en Cumplimiento de Orden y en Oposición a Relevo de Sentencia* el 16 de febrero de 2022.[3] Arguyó que el señor Rivera Marsach suscribió un documento intitulado *Solicitud Jurada de Sentencia por Consentimiento a tenor con la Regla 35.4 de las de Procedimiento Civil*, bajo el asesoramiento y representación de su abogado. Por lo que, dedujo que el peticionario tuvo la oportunidad de informarse sobre el consentimiento y los efectos de un dictamen en su contra. Además, la recurrida aseveró que las mencionadas disposiciones del Código Civil 1930, *supra*, no le son aplicables ya que el Artículo 1651, 31 LPRA sec. 4593, le permitía prestar dinero con intereses superiores a los establecidos por el propio Código Civil 1930 por ser un prestamista matriculado. Finalmente, señaló que el señor Rivera Marsach presentó otras mociones sobre relevo de sentencia durante los casi cuatro (4) años en los que la recurrida intentó cobrar una acreencia que debió satisfacerse en dos (2) años. Por todo esto, RL Capital le solicitó al Foro primario que autorizara la venta en pública subasta del bien hipotecado.

El 28 de febrero de 2022, el señor Rivera Marsach presentó su *Reacción* a la oposición de la recurrida.[4] En apretada síntesis, negó las alegaciones de la recurrida y reiteró la ilegalidad de los intereses a razón del 17%.

Luego de varios trámites procesales, el 28 de agosto de 2024, RL Capital presentó una *Nueva Moción Solicitando Orden de Autorización de Venta en Pública Subasta de Inmueble Hipotecado y Mandamientos*.[5] En esencia, expuso que el 29 de julio de 2024, el Tribunal de Primera Instancia declaró No Ha Lugar la solicitud sobre relevo de sentencia del señor Rivera Marsach. De manera que, la

---

[3] Apéndice del Peticionario, anejo 10, págs. 66-77.
[4] Apéndice del Peticionario, anejo 11, págs. 78-82.
[5] Apéndice del Peticionario, anejo 6, pág. 17 y págs. 19-20.

*Sentencia por Consentimiento* emitida el 16 de abril de 2018 advino final y firme, y a su vez, inapelable. La recurrida añadió que hasta el 27 de agosto de 2024, el señor Rivera Marsach le adeudaba una suma ascendente a $265,205.32. Por ello, le solicitó al Foro primario que autorizara la venta en pública subasta del bien hipotecado.

El 19 de noviembre de 2024, el señor Rivera Marsach presentó una *Segunda Moción.*[6] Arguyó que la cuantía presentada por RL Capital era incorrecta, puesto que los intereses utilizados por esta última eran superiores a los dispuestos en la sentencia. Ante ello, el peticionario aseveró que el interés aplicable era al 6%, según dispuesto en la *Sentencia por Consentimiento.*

Finalmente, el 17 de diciembre de 2024, el Tribunal de Primera Instancia emitió una *Orden* y dos *Resoluciones*. Mediante la *Orden* del 17 de diciembre de 2024, el Foro primario autorizó una sustitución de parte y enmienda al epígrafe solicitada por RL Capital para que Fortech Bank International, Inc. (en adelante, "Fortech" o "recurrida sucesora") le sustituyera en el pleito. Ahora bien, por virtud de las dos *Resoluciones* del 17 de diciembre de 2024, el Tribunal de Primera Instancia declaró No Ha Lugar la *Segunda Moción* y la *Moción en Torno a Orden (Del 16 de septiembre de 2024) y sobre otros Extremos.*

Inconforme, el señor Rivera Marsach acudió ante esta Curia y nos planteó la comisión de los siguientes errores:

> **Primer error.**
> **Erró el TPI al negarse a anular la sentencia dictada en el caso.**
>
> **Segundo error.**
> **Erró el TPI al autorizar a la parte aquí recurrida cobrar intereses superiores a los dispuestos por sentencia y al autorizar una sustitución de parte no fundamentada.**

---

[6] Apéndice del Peticionario, anejo 4, págs. 14-15.

Por su parte, Fortech compareció mediante escrito en oposición y nos solicitó denegar la expedición del recurso. Específicamente, arguyó que el peticionario solo pretende extender el proceso ante los tribunales e inclusive, que presentó un argumento que nunca levantó ante el Foro apelado: la falta de legitimidad por parte de Fortech. Con el beneficio de la comparecencia de las partes, procedemos a atender el recurso.

**-II-**

**A. Certiorari**

El recurso de *Certiorari* un mecanismo procesal de carácter discrecional que le permite a un tribunal de mayor jerarquía revisar las determinaciones del tribunal recurrido. *Rivera et al. v. Arcos Dorados et al,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres González v. Zaragoza Meléndez, supra,* pág. 847.

En específico, la Regla 52.1 de Procedimiento Civil dispone los preceptos que regulan la expedición discrecional que ejerce el Tribunal de Apelaciones para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, a saber:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra,* este tribunal intermedio procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. La referida regla establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari,* como sigue:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> A.    Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B.    Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C.    Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D.    Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E.    Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F.    Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G.    Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

Cabe precisar que nuestro Tribunal Supremo ha expresado que, de ordinario, el tribunal revisor sólo intervendrá con las facultades discrecionales de los foros primarios en circunstancias extremas y en donde se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Rivera et al. v. Arcos Dorados et al., supra,* pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022).

Por tanto, la denegatoria a expedir un recurso discrecional responde a la facultad de este tribunal intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia y no implica la ausencia de error en el dictamen recurrido ni una adjudicación en los méritos. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**-III-**

En el caso ante nos, el señor Rivera Marsach señala que el Tribunal de Primera Instancia erró al denegar sus solicitudes relevo de sentencia y, por consiguiente, no anular la *Sentencia por Consentimiento* del 16 de abril de 2018. Señala, además, que con la sustitución de parte entre RL Capital y Fortech, se desconoce si la recurrida sucesora tiene legitimación activa para ejecutar la *Sentencia por Consentimiento*.

Por su parte, Fortech arguyó que el peticionario pretende inducir a error a esta Curia ya que no presentó en evidencia los procedimientos ulteriores a la Orden y Resoluciones recurrida para proceder con la venta en pública subasta de la propiedad en garantía de la *Sentencia por Consentimiento*.[7] Además, la recurrida sucesora reiteró que el señor Rivera Marsach solo pretende atrasar la ejecución de la sentencia y de la propiedad en garantía.

Luego de examinar los méritos del presente recurso, entendemos prudente no intervenir con la *Orden*, ni las *Resoluciones* recurridas. Del expediente de este caso no surge que el tribunal de Primera Instancia haya actuado de manera arbitraria, caprichosa, en abuso de su discreción o mediante la comisión de algún error que justifique nuestra intervención para sustituir el criterio del foro primario. En vista de ello, no hallamos criterio alguno bajo la Regla 40 del Reglamento del Tribunal De Apelaciones que nos mueva a

---

[7] Apéndice de la Recurrida, anejo 2, págs. 7-20.

variar las determinaciones del Foro primario. Así las cosas, denegamos la expedición del auto de *certiorari.*

-**IV-**

Por los fundamentos antes expuestos, **denegamos** el auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones